IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MICHAEL C. PFLANZ**                                                        **PETITIONER**

      **V.**                         **No. 3:11-CV-03004-JLH**

**BOONE COUNTY SHERIFF'S DEPARTMENT**
     **STATE of ARKANSAS**                                     **RESPONDENT**

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed January 12, 2011 under 28 U.S.C. Section 2254. The court granted the Petitioner's Motion for Leave to proceed IFP but did not order service. (ECF No. 3).

### I. Background

On July 8, 2008 the Prosecuting Attorney for Boone County, Arkansas filed an Information against the Plaintiff charging him with Failure to Register as a Sex Offender. (See ECF No. 6-1). The Plaintiff subsequently entered a plea of guilty on March 6, 2009 and was sentenced to 72 months probation and various fines and costs. (See ECF No. 6-2). A Petition to Revoke Suspended Sentence was file on August 10, 2010 alleging that the Plaintiff had committed the offense of Sexual Assault (See ECF No. 6-3) and a warrant was issued for the Plaintiff on that date. (See ECF No. 6-4). The Plaintiff was arrested on August 13, 2010 and the Petition to Revoke is Pending in Boone County. (See ECF No. 6-5). The Plaintiff filed the current Petition (ECF No. 1) on January 12, 2011 alleging (Ground One) Ineffective Assistance of Counsel and (Ground Two) that the court lacked jurisdiction to sentence him. The Petitioner

also seeks the anointment of an attorney (ECF No. 4 ).

## II.  Discussion

The first problem with the Petitioner's claim is that it is not timely.

**Statute of Limitations:**

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1).  The limitation period shall run from the latest of—

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A-C).

The judgment sentencing the Petitioner was entered on March 6, 2009 and the Petitioner did not file the current habeas action until January 12, 2011.  The Petitioner's Petition for Writ of Habeas Corpus is well beyond the one year allowed.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on

time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).

The Supreme Court of the United States recently held that " § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 at 418, 125 S.Ct. 1807). See also *Nelson v. Norris,* 618 F.3d 886, 892 -893 (C.A.8 (Ark.),2010).

The Petitioner, in trying to explain why the petition was not filed within one year, stated that "after researching my case.  That the officer Troy from Boone County forced me to register as a sex offender in Boone County with threats and intimidation while my residence was in Newton County." (ECF No. 1,¶ 18).  If the petitioner felt threatened by law enforcement he obviously knew of that fact from the time the threat was made and prior to plea and any perceived threat would have ended with the plea.  The Petitioner had one year from the time of plea to file a habeas petition.  The Petitioner was not incarcerated after his plea and had access to

any number avenues of research. The Petitioner has failed to demonstrate any cause for his failure to file a timely habeas action outside the fact that the State of Arkansas has now filed a Petition to Revoke.

Even if the Petitioner's motion was timely, however, it would be without merit because he failed to exhaust his state remedies.

**Failure to Exhaust:**

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. section 2254(b)

Generally, a defendant must exhaust all available state court remedies before seeking habeas relief. *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." Id. (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir.1999)). The default of the federal claim applies even if the defendant's failure to exhaust results from the application of state law. See *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002). (Federal courts will not entertain the habeas claim "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).) "The rule applies with equal force whether the state-law ground is substantive or procedural." Id. However,

even if a state procedural rule is generally sound, it will not be adequate to bar federal review, unless the rule is "strictly or regularly followed." *Barr v. City of Columbia*, 378 U.S. 146, 149, 84 S.Ct. 1734, 12 L.Ed.2d 766 (1964). Further, a state procedural bar is adequate only if state courts have applied the rule evenhandedly to all similar claims. See *Hathorn v. Lovorn*, 457 U.S. 255, 263, 102 S.Ct. 2421, 72 L.Ed.2d 824 (1982).

In this case the Petitioner entered a plea of guilty on February 13, 2008 and judgement was entered on March 6, 2009. (ECF No.  and  )  After entering his guilty plea, Petitioner could not appeal his convictions. *Seibs v. State*, 357 Ark. 331, 333, 166 S.W.3d 16, 17 (2004); Ark. R. Cr. P. 24.3; Ark. R. App. P. - Cr. 1.

Petitioner did not file a post conviction petition under Rule 37 of the Arkansas Rules of Criminal Procedure. For guilty pleas, such petitions are to be filed within 90 days of the date of entry of judgment. Ark. R. Cr. P. 37.2©. In this case since judgment was entered on March 6, 2009 the Rule 37 petition would have to have been filed by June 6, 2009.  The Petition did not exhaust any of his more than adequate state remedies presumably because he was more than satisfied with the suspended sentence he received at the time.  The problem has occurred now because the State of Arkansas has filed a Petition to Revoke and the Plaintiff now wants to resist the plea that he previously entered and explain why he does not believe he got such a good deal.

The exhaustion doctrine, which is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982), generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Murray v. Carrier*, ID at 489. . Further,

if the ineffective assistance claim is defaulted, then a petitioner must demonstrate independent cause and prejudice excusing the default of the ineffectiveness claim before that claim can be asserted as cause in relation to a second, substantive claim.  See *Hill v. Jones*, 81 F. 3d 1015, 1030-31 (11th Cir. 1996); (citing *Justus v. Murray*, 879 F.2d 709, 714 (4th Cir. 1990)).  This is particularly true when the ineffective assistance claim arises out of a plea as opposed to a trial.

The Petitioner has failed to exhaust his state remedies or show cause why the claim was not presented.

### III.  Conclusion

Based on the above, I recommend that the instant petition be dismissed with prejudice for failure to demonstrate cause for the default.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

The court finds that Petitioner's Motion to Appoint Counsel (ECF No. 4) is hereby **DENIED.**

IT IS SO ORDERED this January 18, 2011

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES DISTRICT JUDGE